UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN RE:  CASE NO: **15-10301-RBR**
CHAPTER 13

GUILLERMO DAVID NAVARRO,

    DEBTOR(S).
_____/

**BSI FINANCIAL SERVICES AS SERVICER FOR MCCORMICK 110, LLC'S MOTION FOR IN REM RELIEF FROM AUTOMATIC STAY FOR REAL PROPERTY**

> Any interested party who fails to file and serve a written response to this motion within 14 days after the date of service stated in this motion shall, pursuant to Local Rule 4001-1(C), be deemed to have consented to the entry of an order granting the relief requested in the motion.

    **COMES NOW**, BSI Financial Services as servicer for McCormick 110, LLC (hereinafter "McCormick"), by and through the undersigned counsel, pursuant to 11 U.S.C. §§ 105(a) and 362(d)(4)(B), and moves this Honorable Court for entry of an Order granting *in rem* relief from automatic stay against real property, and would state as follows:

    1. McCormick is a secured creditor of Debtor by virtue of a Consent Final Judgment of Foreclosure in the sum of $553,166.27 entered on June 2, 2014 (attached hereto and incorporated herein as Exhibit "A"), pursuant to a defaulted promissory note and mortgage on a parcel of real property located in Broward, Florida (hereinafter "the Property"), to wit:

> **LOT 61 IN BLOCK B-2 OF SECTOR 4, ACCORDING TO THE PLAT THEREOF RECORDED IN PLAT BOOK 151, PAGE 19, OF THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA.**
>
> **Property Address: 411 Fairmont Lane, Weston, FL 33326.**

    2. Pursuant to the aforementioned judgment, McCormick was provided with a foreclosure sale date of September 30, 2014.

1

3. On September 29, 2014, Debtor filed a motion to cancel the foreclosure sale scheduled for September 30, 2014. The motion was granted and the foreclosure sale was rescheduled for January 8, 2015.

4. On or about January 7, 2015, Debtor filed the initial Chapter 7 petition with this Honorable Court thus resulting in a cancellation of the rescheduled January 8, 2015 foreclosure sale.

5. Within the Amended Schedules filed on February 6, 2015, Debtor states within his Amended Statement of Intention [DE #19, page 19] that it is his intention to retain the Property by attempting a modification of the loan that was held and foreclosed by McCormick.

6. However, Debtor previously applied for a loan modification through the Home Affordable Modification Program (hereinafter "HAMP") *after* the Consent Final Judgment of Mortgage Foreclosure was entered on June 2, 2014. Debtor's application for a HAMP modification was denied because the proposed modified monthly payment did not result in a reduction of the principal and interest payment based on the terms as required under HAMP. McCormick provided Debtor with written notice of this denial (attached hereto and incorporated herein as Exhibit "B") on or about September 3, 2014.

7. As the attached written denial state, the monthly income that was provided by Debtor to assess his eligibility was $10,750.01, which is substantially similar to the amount of income reported ($10,127.99) within the Amended Schedules [DE #19, page 4] filed in the instant bankruptcy action. Therefore, it is apparent that Debtor's stated intention to attempt another loan modification would result in the same denial as previously provided to Debtor.

8. Additionally, McCormick estimates the market value of the Property to be $525,000.00 (see Broker Pricing Opinion attached hereto and incorporated herein as Exhibit "C"), while the attached Consent Final Judgment of Foreclosure (Exhibit "A") provides Debtor's indebtedness to

McCormick in the sum of $553,166.27 as of June 2, 2014, which does not include additional pre-petition interest, costs and attorneys' fees. As a result, Debtor is left without any equity in the Property. McCormick has not been provided with any adequate protection as to its interest in the Property through the instant bankruptcy action.

9. Given these facts, 11 U.S.C. § 362(d) provides for creditor relief from stay following motion and hearing, by stating, in pertinent part, that:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay…(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; (2) with respect to a stay of an act against property under subsection (a) of this section, if—(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization.

10. Accordingly, 11 U.S.C. § 362(d) provides McCormick relief from stay following the instant motion and a hearing thereon.

**WHEREFORE,** McCormick respectfully requests that this Honorable Court grant this Motion, and provide it with the following relief:

a. Enter an Order granting *in rem* relief against the Property referenced herein such that the present matter and any further filing for bankruptcy relief by the Debtor, or any person or entity taking an interest in the Property, shall not constitute nor act as a stay against the Property under 11 U.S.C. § 362(a) and shall not enjoin McCormick from commencing, continuing or concluding its foreclosure remedies against the Property under Florida Law through judicial sale and issuance of Certificate of Title by the Clerk of the Seventeenth Judicial Circuit in and for Broward County, Florida, for a minimum period of not less than two (2) years from the date thereof;

b. Enter an Order reserving jurisdiction to grant McCormick immediate ex-parte relief from stay without notice or hearing in the event that the Debtor, or any person or entity taking an interest

in the Property, files any bankruptcy proceeding staying conclusion of McCormick's foreclosure action against the Property in the Seventeenth Judicial Circuit, in and for Broward County, Florida for a minimum period of not less than two (2) years from the date thereof; and

   c. Such other and further relief as this Honorable Court deems just and equitable.

**I HEREBY CERTIFY** that on this 19th day of February, 2015, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system, which will send a notice of electronic filing to the CM/ECF participants listed below:

   Chad S. Paiva, Trustee via CM/ECF

   Kevin C. Gleason, Esq., counsel for Debtor(s) via CM/ECF

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

Respectfully Submitted,

**February 19, 2015**
Dated

/s/ **Christopher J. Hoertz**
Christopher J. Hoertz; FL Bar#: 102663
Law Firm of Gary M. Singer, PA
*Attorney for BSI Financial Services, as servicer for McCormick 110, LLC*
1391 Sawgrass Corporate Parkway
Sunrise, FL 33323
Tel: 954-851-1448
Email: garysingerlawbk@gmail.com
      bk@garysingerlaw.com