UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:
GUILLERMO DAVID NAVARRO                    Case No.: 15-10301-SMG
                                           Chapter 13

      Debtor(s).
_____/

**DEBTOR'S OPPOSITION RESPONSE TO MOTION TO DETERMINE MORTGAGE FEES AND EXPENSES OF CREDITOR
BSI FINANCIAL SERVICES AS SERVICER FOR MCCORMICK 110, LLC, AND MOTION FOR AWARD OF ATTORNEY'S FEES**

COMES NOW the Debtor(s), and files this Response and Objection to the Motion to Determine Mortgage Fees and Expenses of Creditor BSI Financial Services as Servicer for McCormick 110, LLC pursuant to Bankruptcy Rule 3002.1, and moves this court for an award of attorney's fees, and in support thereof states as follows:

1. This case was initially filed as a Chapter 7 on January 7, 2015, and subsequently converted to Chapter 13 on July 21, 2015.

2. The initial plan was confirmed on September 1, 2016, and is essentially a cure and maintain plan of the first mortgage on the Debtor's homestead property located at 411 Fairmont Lane, Weston, FL 33326. Creditor, BSI Financial Services as Servicer for McCormick 110, LLC (hereinafter referred to as "BSI"), is the holder of the first mortgage on the homestead, and is currently receiving payment through the chapter 13 plan.

3. The plan has been modified several times, most recently the Eighth Modified Plan, which was confirmed on May 24, 2018. There are approximately four (4) months remaining in the plan term.

4. On November 6, 2019, BSI filed the instant Motion to Determine Mortgage Fees and Expenses (ECF 249) seeking to collect and recover from the Debtor attorney's fees and costs incurred in connection with this case in the amount of $16,749.36. The exhibits attached to BSI's motion indicate that the fees and costs we incurred from the period beginning 1/20/15 through 9/6/19.

5. **Of the $16,749.36 purportedly incurred, only $375.00 was incurred within 180 days of the filing of the Motion to Determine Mortgage Fees and Expenses (See ECF 249, pages 60 through 60, Composite Exhibit C)**.

Bankruptcy Rule 3002.1 provides:

**(c) NOTICE OF FEES, EXPENSES, AND CHARGES.** The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence. The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred.

**(d) FORM AND CONTENT.** A notice filed and served under subdivision (b) or (c) of this rule shall be prepared as prescribed by the appropriate Official Form, and filed as a supplement to the holder's proof of claim. The notice is not subject to **Rule 3001(f)**.

**(e) DETERMINATION OF FEES, EXPENSES, OR CHARGES.** On motion of a party in interest filed within one year after service of a notice under subdivision (c) of this rule, the court shall, after notice and hearing, determine whether payment of any claimed fee, expense, or charge is required by the underlying agreement and applicable nonbankruptcy law to cure a default or maintain payments in accordance with **§ 1322(b)(5)** of the Code.

6. BSI has failed to comply with the requirements of Bankruptcy Rule 3002.1, and therefore the Court should deny the Motion. A review of the docket report and claims register shows that no Notice of Mortgage Fees, Expenses or Charges on Official Form 410S2 was ever filed by BSI with respect to any of the fees and costs sought in the subject motion. Certainly none were filed within 180 days after the date BSI

purportedly incurred them, according to their own exhibits attached to the subject motion. Further, BSI failed to file the required notice on the appropriate Official Form 410S2 prior to the filing of this Motion for the $375.00 that were actually incurred within 180 days of November 6, 2019.

7. Should the court permit creditor to collect these fees, it would increase the Debtor's chapter 13 plan payment by over $4,100.00 per month for the remaining term of the plan.

8. In addition, the Debtor and Counsel believe that many of the fees and charges sought are unreasonable and/or unnecessary. Examples of unreasonable and unnecessary charges are for multiple Motions for Relief which were all subsequently denied, Objections to the Reinstatement of the Case, Objections to Plans, emails from counsel to client BSI which are blacked out, and Objections to the Proof of Claim filed by BSI which were ultimately sustained.

9. Counsel for the Debtor is requesting that the Court award attorney's fees in the amount of $2,025.00 incurred by the Debtor in defense of creditor's motion, as creditor has willfully failed and /or refused to comply with Bankruptcy Rule 3002.1, which is the underlying basis for the motion. Counsel basis this request on 4.5 hours of legal time at the rate of $450.00 per hour.

WHEREFORE the Debtor(s) requests that the Motion to Determine Mortgage Fees and Expenses of Creditor BSI Financial Services as Servicer for McCormick 110, LLC be denied and that the case continue forward in the normal course, counsel for Debtor be awarded attorney's fees, and for such other and further relief as the court deems proper under these circumstances.

## CERTIFICATE OF SERVICE

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1.

I hereby certify that a copy of the foregoing Objection was served in the manner described below, on  April 10, 2020 , upon:

Via CM/ECF:
Christopher J Hoertz on behalf of Creditor BSI Financial Services
bk@garysingerlaw.com, garysingerlawbk@gmail.com

Christopher J Hoertz on behalf of Creditor BSI Financial Services as servicer for McCormick 110, LLC
bk@garysingerlaw.com, garysingerlawbk@gmail.com

Katherine Jay on behalf of Plaintiff Pedro Marcial Cerrato Sabillon
jay@kjaylaw.com

Gerard M Kouri Jr., Esq on behalf of Creditor Pedro Marcial Cerrato Sabillon
gmkouripaecf@gmail.com, gmkouri@bellsouth.net

Gerard M Kouri Jr., Esq on behalf of Plaintiff Pedro Marcial Cerrato Sabillon
gmkouripaecf@gmail.com, gmkouri@bellsouth.net

Austin M Noel on behalf of Creditor Toyota Motor Credit Corporation
amnoel@firstam.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Damaris D Rosich-Schwartz on behalf of U.S. Trustee Office of the US Trustee
Damaris.D.Rosich-Schwartz@usdoj.gov

Robin R Weiner
ecf@ch13weiner.com;ecf2@ch13weiner.com

Via US Mail:

Ally Financial
P.O. Box 130424
Roseville, MN 55113

Bank of America
PO Box 15312
Wilmington, DE 19850

Christian McCue
1600 S. Federal Hwy. #750
Pompano Beach, FL 33062

PRA Receivables Management LLC
POB 41067
Norfolk, VA 23541

Recovery Management Systems Corp
25 SE 2 Ave #1120
Miami, FL 33131

*Law Offices of*
**NOWACK & OLSON, PLLC**
Attorney for Debtor(s)
8551 Sunrise Blvd., Suite 208
Plantation, FL 33322
(954) 349-2265

/s/ Christian J. Olson
**CHRISTIAN J. OLSON, ESQ.**
Florida Bar Number: 121436