Case 15-10301-SMG    Doc 264    Filed 05/29/20    Page 1 of 9



**ORDERED in the Southern District of Florida on May 29, 2020.**

*Scott M. Grossman*
_____
**Scott M. Grossman, Judge**
**United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

Guillermo David Navarro,                                   Case No. 15-10301-SMG

    Debtor.                                                            Chapter 13

_____/

**ORDER DENYING MOTION TO DETERMINE**
**AWARD OF POSTPETITION ATTORNEYS' FEES AND COSTS**

    As Guillermo David Navarro was approaching the end of his 60-month chapter 13 plan, his mortgage creditor sought to spring on him a $16,749.36 bill for attorneys' fees and costs going back nearly five years.[1] Federal Rule of Bankruptcy Procedure 3002.1 was enacted precisely to avoid these types of surprises, and sets forth specific procedural requirements for a creditor secured by a debtor's principal residence to

---

[1] *Secured Creditor, BSI Financial Services, as Servicer for McCormick 110, LLC's Motion to Determine Award of Post-Petition Attorney's Fees and Costs* (ECF No. 249) (the "Post-Petition Fees Motion"); *see also Notice of Filing Summaries of Attorney's Fees and Costs in Support of Motion to Determine Award of Post-Petition Attorney's Fees and Costs* (ECF No. 255).

recover post-petition fees, expenses, and other charges in a chapter 13 case. But Mr. Navarro's secured creditor, BSI Financial Services, as servicer for McCormick 110, LLC ("McCormick"), contends it does not have to comply with Rule 3002.1, and instead may seek these fees and costs by motion.[2] McCormick is wrong, and its Post-Petition Fees Motion will therefore be denied. Further, because compliance with Rule 3002.1 is mandatory and McCormick has not complied, the Court will award Mr. Navarro his reasonable expenses and attorneys' fees incurred in responding to the Post-Petition Fees Motion, pursuant to Rule 3002.1(i)(2).

## Background

McCormick holds a $562,983.78 pre-petition claim against Mr. Navarro based on a promissory note, mortgage, and a final judgment of foreclosure, which is secured by Mr. Navarro's principal residence.[3] Although McCormick obtained a *Consent Final Judgment of Foreclosure* before Mr. Navarro filed this case, no foreclosure sale had occurred as of the petition date.[4] Accordingly, Mr. Navarro confirmed a 60-month "cure and maintain" chapter 13 plan whereby he will retain his property, repay past-due obligations under the note and mortgage (i.e., "cure"), and continue to make his regular current payments under the note and mortgage (i.e., "maintain"),[5] as

---

[2] *BSI Financial Services, as Servicer for McCormick 110, LLC's Reply to Debtor's Response in Opposition to Motion to Determine Award of Post-Petition Attorney's Fees and Costs* (ECF No. 262) (the "Reply").

[3] Claim No. 3-2.

[4] Mr. Navarro originally filed this case as a chapter 7 case on January 7, 2015 (ECF No. 1), but the case was converted to chapter 13 on July 21, 2015 (ECF No. 72).

[5] On September 1, 2016, the Court confirmed (ECF No. 174) Mr. Navarro's Fifth Amended Plan (ECF No. 168). Mr. Navarro has since modified his plan several times, and is currently proceeding under his

permitted by Bankruptcy Code section 1322(b)(5).[6] Mr. Navarro's modified confirmed plan requires him to pay McCormick as follows:

| Type of payment | Amount | Period |
| --- | --- | --- |
| Regular (maintain) | $1,898.75/month | months 1 to 34 |
| Regular (maintain) | $4,155.98/month | months 34 to 60 |
| Arrears (cure) | $999.97/month | months 1 to 34 |
| Arrears (cure) | $1000.49/month | month 35 |
| Arrears (cure) | $1525.49/month | months 36 to 60 |

Mr. Navarro is current on his monthly plan payments.

### McCormick Seeks $16,749.36 in Post-Petition Fees and Expenses

On November 6, 2019 – more than four years into Mr. Navarro's plan – McCormick filed the Post-Petition Fees Motion. According to McCormick, its note and mortgage entitle it to recover from Mr. Navarro $16,749.36 in attorneys' fees and expenses it has incurred since the petition date.[7] Mr. Navarro objects because McCormick failed to comply with Federal Rule of Bankruptcy Procedure 3002.1.[8] Rule 3002.1 "applies in a chapter 13 case to claims (1) that are secured by a security interest in the debtor's principal residence, and (2) for which the plan provides that

---

Eighth Modified Chapter 13 Plan (ECF No. 240), which modification the Court approved on June 28, 2018 (ECF No. 242).

[6] 11 U.S.C. § 1322(b)(5).

[7] Although McCormick has a final judgment of foreclosure, in asserting a claim for attorneys' fees and expenses, it is relying on its note and mortgage.

[8] *Debtor's Opposition Response to Motion to Determine Mortgage Fees and Expenses of Creditor BSI Financial Services as Servicer for McCormick 110, LLC, and Motion for Award of Attorney's Fees* (ECF No. 261).

either the trustee or the debtor will make contractual installment payments."[9] It requires a creditor with a security interest in a debtor's principal residence to:

> file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence.[10]

Importantly, Rule 3002.1(c) requires this notice to be filed and served "*within 180 days* after the date on which the fees, expenses, or charges are incurred."[11] The rule also mandates that this notice "be prepared as prescribed by the appropriate Official Form, and filed as a supplement to the holder's proof of claim."[12]

McCormick never filed an Official Form 410S2 (Notice of Postpetition Mortgage Fees, Expenses, and Charges) and, with the exception of $375.00 of the $16,749.36 sought, McCormick did not give notice within 180 days after it incurred the fees and expenses. This apparently was not an oversight.[13] Rather, McCormick argues that it need not comply with Rule 3002.1 and need not use Official Form 410S2

---

[9] Fed. R. Bankr. P. 3002.1(a). A mortgage is a security interest under the Bankruptcy Code. *See* 11 U.S.C. § 101(51). As such, Rule 3002.1 clearly applies here.

[10] Fed. R. Bankr. P. 3002.1(c).

[11] *Id.* (emphasis added).

[12] Fed. R. Bankr. P. 3002.1(d).

[13] Indeed, McCormick is certainly familiar with filing notices of payment change, as it has filed seven Notices of Mortgage Payment Change on Official Forms 410S1 with respect to changes to Mr. Navarro's escrow payments and changes in the interest rate on his loan. Form 410S2 is similar to Form 410S1, but Form 410S2 is used to give notice of any fees, expenses, and charges incurred after the bankruptcy filing that the secured creditor asserts are recoverable against the debtor or against the debtor's principal residence.

in order to request allowance and award of post-petition fees and expenses.[14] In support of its arguments, McCormick cites to several reported decisions, all of which predate the enactment of Rule 3002.1,[15] as well as two cases from the Miami Division of this Court, neither of which adjudicated this precise issue.[16]

## Discussion

To collect post-petition fees, expenses, or other charges incurred in connection with a claim secured by a debtor's principal residence, a creditor must follow the noticing requirements of Federal Rule of Bankruptcy Procedure 3002.1(c).[17] Rule 3002.1 became effective on December 1, 2011, and applied to all cases filed after that date, as well as to then-pending cases "insofar as just and practicable."[18] The rule was promulgated "to create a procedure to provide information and resolve disputes between debtors in Chapter 13 cases and creditors in those cases who hold a mortgage on the debtor's principal residence."[19]

Rule 3002.1 only applies in chapter 13 cases, and only applies to claims "secured by a security interest in the debtor's principal residence . . . for which the

---

[14] Reply, ¶¶ 4-17.

[15] *In re Obie*, No. 09–80794C–13D, 2009 WL 4113587 (Bankr. M.D.N.C. Nov. 24, 2009); *Padilla v. GMAC Mortg. Corp. (In re Padilla)*, 389 B.R. 409 (Bankr. E.D. Pa. 2008); *In re Madison*, 337 B.R. 99 (Bankr. N.D. Miss. 2006); *In re Gifford*, 256 B.R. 661 (Bankr. D. Conn. 2000); *Tate v. NationsBanc Mortg. Corp. (In re Tate)*, 253 B.R. 653 (Bankr. W.D. N.C. 2000).

[16] *In re Labrador*, Case No. 18-18136-LMI (Bankr. S.D. Fla.) and *In re Warring*, Case No. 16-13518-LMI (Bankr. S.D. Fla.).

[17] *In re England*, 586 B.R. 795, 799 (Bankr. M.D. Ala. 2018).

[18] *In re Martins*, No. 11-14128-LMI, 2013 WL 9868648, at *2 (Bankr. S.D. Fla. Nov. 20, 2013).

[19] *In re Formosa*, 582 B.R. 423, 427 (Bankr. E.D. Mich. 2018).

plan provides that either the trustee or the debtor will make contractual installment payments."[20] The rule mandates "both the form and content for a mortgage creditor in such cases to provide notice of any payment changes, including interest rate and escrow account adjustments, and any fees, expenses or other charges."[21] Rule 3002.1 has been described as having "a salutary effect in Chapter 13 cases by minimizing any surprises after a debtor leaves Chapter 13,"[22] with the purpose and intent to "ensure that a debtor is fully informed about what they owe on their mortgage during the life of their Chapter 13 case."[23]

As noted above, all of the reported decisions relied upon by McCormick predate the enactment of Rule 3002.1, and therefore are inapplicable here.[24] With respect to the two Southern District of Florida cases cited by McCormick, it is clear from the orders entered in those respective cases that the Court was adjudicating only the reasonableness of certain disputed fees and expenses and did not address in any way

---

[20] Fed. R. Bankr. P. 3002.1(a); *see also* 11 U.S.C. § 1322(b)(5) (a chapter 13 plan may "provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due").

[21] *Formosa*, 582 B.R. at 427.

[22] *Id.*

[23] *Id.* Indeed, the very purpose of Rule 3002.1's procedures is to avoid the circumstances presented here: where a debtor is nearing completion of his plan and believes once he is finished he will have fully brought his mortgage back into good standing, only to be hit with a "surprise" bill for $16,749.36 that he likely could not pay. This could then result in dismissal or conversion of his case to chapter 7, and loss of his property that he worked so hard to save by faithfully making plan payments over nearly five years.

[24] *See In re Morris*, 603 B.R. 127, 136 (Bankr. W.D. Okla. 2019) (noting that *Madison*, 337 B.R. 99, was "decided prior to the addition of Rule 3002.1 to the Federal Rules of Bankruptcy Procedure in 2011").

or rule on the argument that a secured creditor is not required to comply with Rule 3002.1.[25] Thus, none of the authority cited by McCormick supports its position that it need not comply with Rule 3002.1.

Indeed, Rule 3002.1 sets forth *mandatory* procedures for compliance by a creditor with a security interest in a debtor's principal residence.[26] This includes use of Official Form 410S2 to notify the debtor and the trustee of any post-petition fees, expenses, or other charges, which "must be filed in the same place and manner as the original proof of claim."[27] Here, because McCormick seeks post-petition fees and expenses through the Post-Petition Fees Motion and not pursuant to the requirements of Rule 3002.1, the Post-Petition Fees Motion must be denied in its entirety (including McCormick's request for $375.00 incurred during the 180 days before filing its Post-Petition Fees Motion).[28]

---

[25] *Labrador*, Case No. 18-18136-LMI (ECF No. 87); *Warring*, Case 16-13518-LMI (ECF No. 286).

[26] *In re Adkins*, 477 B.R. 71, 73 (Bankr. N.D. Ohio 2012); *see also* 9 *Collier on Bankruptcy* ¶ 3002.1.01 (16th ed. 2020) ("If a creditor's claim meets the requirements for application of Rule 3002.1, compliance with its provisions is mandatory, and a court does not have discretion to excuse compliance.").

[27] 9 *Collier on Bankruptcy* ¶ 3002.1.03 (16th ed. 2020).

[28] The Court also notes that $250.00 of this $375.00 was for time incurred in preparing notices of payment change, which fees should not be charged to the debtor anyway. 9 *Collier on Bankruptcy* ¶ 3002.1.02 (16th ed. 2020) ("Because a creditor has a duty under nonbankruptcy law to inform a debtor of such payment changes, no fee should be charged to the debtor for filing a form providing notice of the change.") (citing *In re Roife*, No. 10–34070, 2013 WL 6185025, at *3 (Bankr. S.D. Tex. Nov. 26, 2013) (disallowing $75 for preparation of the Notice of Mortgage Payment Change); *In re Ortega*, No. 10–40698–H3–13, 2013 WL 2099726, at *2 (Bankr. S.D. Tex. May 14, 2013); *In re Adams*, No. 12–00553–8–RDD, 2012 WL 1570054, at *1 (Bankr. E.D.N.C. May 3, 2012)).

<u>McCormick's Non-Compliance with Rule 3002.1 is Unjustified</u>

Since its enactment, Rule 3002.1's mandate has been clear: A creditor with a security interest in a chapter 13 debtor's principal residence must comply with Rule 3002.1 when the plan provides for the trustee or the debtor to make contractual installment payments (unless the court grants stay relief with respect to the residence).[29] Because all of the reported case law cited by McCormick predates Rule 3002.1's enactment, and the two local cases cited by McCormick do not actually address or adjudicate this issue, the Court finds McCormick's position not warranted by existing law and its noncompliance with Rule 3002.1 unjustified.

Where a secured creditor fails to provide the information required by Rule 3002.1(c) (as McCormick has failed to do here), Rule 3002.1(i)(2) authorizes the Court to award appropriate relief, including reasonable expenses and attorneys' fees, to the debtor, after notice and a hearing.[30] The Court conducted a hearing on this matter on April 22, 2020.[31] Before that hearing, Mr. Navarro requested an award of $2,025.00 in attorneys' fees he incurred responding to the Post-Petition Fees Motion.[32] The Court finds this amount to be reasonable. Accordingly, because the Court finds McCormick's motion to be completely without merit and directly contrary to the mandatory procedures of Rule 3002.1 (with which McCormick failed to comply), the Court will grant Mr. Navarro's request for $2,025.00 in attorneys' fees. It is therefore

---

[29] Fed. R. Bankr. P. 3002.1(a).

[30] Fed. R. Bankr. P. 3002.1(i).

[31] ECF No. 259.

[32] ECF No. 261, ¶ 9.

**ORDERED** that:

1. The Post-Petition Fees Motion is **DENIED**.

2. McCormick's asserted claim for $16,749.36 in post-petition attorneys' fees and costs is **DISALLOWED**.

3. Mr. Navarro is awarded $2,025.00 in attorneys' fees incurred in responding to the Post-Petition Fees Motion.

4. McCormick must pay $2,025.00 to the Debtor, Guillermo David Navarro, c/o Christian J. Olson, Esq., within fourteen days of entry of this order, and must file a notice of compliance with the Court immediately thereafter.

###

Copies Furnished to:

All interested parties by the Clerk of Court